[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: #123 MOTION FOR SUMMARY JUDGMENT
Presently before the court is the apportionment defendant's motion for summary judgment. Said motion should be granted.
The present action arises out of a legal malpractice and breach of contract action filed by the plaintiff; Terrence Gilbert, Jr., against his former attorney, Gerald Farrell, Sr.[1] Thereafter, on October 29, 2001, the defendant/apportionment plaintiff; Gerald Farrell, Sr., filed the operative apportionment complaint against the plaintiffs successor attorney, John Williams and Williams Pattis, LLC, alleging that if the plaintiff sustained any damages, the damages were allegedly caused in part or in whole by the negligence of the apportionment defendants.[2] The apportionment defendants filed an answer on November 14, 2001. CT Page 9538
Thereafter, on March 25, 2002, the apportionment defendants filed a motion for summary judgment and a memorandum in support thereof.[3] On April 9, 2002, the apportionment plaintiff filed an objection to the motion for summary judgment along with a memorandum in support of the objection. Oral arguments were heard by the court on April 15, 2002.
"The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49.
In the present case, the apportionment defendants have moved for summary judgment as a matter of law on the ground that "no such claims lie against them even assuming the truth of all the [apportionment plaintiffs] allegations."[4] In moving for summary judgment, the apportionment defendants argue that an apportionment action by an attorney sued for malpractice against a successor attorney is not permitted under Connecticut law. In opposition, the apportionment plaintiff argues that an apportionment complaint is proper in the present case.
The apportionment statute provides in pertinent part that "[a] defendant in any civil action to which section 52-572h applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiffs damages in which case the demand for relief shall seek an apportionment of liability." General Statutes § 52-102b (a). Therefore, according to the language of § 52-102 (b), the use of an apportionment complaint is restricted to negligence actions seeking recovery for personal injuries, wrongful death, or property damage.[5]
See Boardman v. Webb, Superior Court, judicial district of New Haven, Docket No. CV 01 0448197 (January 29, 2002, Arnold, J.).
In the present case, count one of the plaintiffs complaint alleges legal malpractice and count two alleges breach of contract. An apportionment complaint is not proper in the present case because the underlying action does not involve a claim for personal injury; therefore, the apportionment complaint is legally insufficient.[6] As a result, the court need not address the issue of whether an attorney sued for legal malpractice may bring an action against the plaintiffs successor attorney.
Accordingly, the apportionment defendants' motion for summary judgment is granted.
Fracasse, J CT Page 9539